Fourth Court of Appeals
San Antonio, Texas



## MEMORANDUM OPINION

No. 04-15-00047-CR

Vicente **SALDANA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-09-0169-CRA
Honorable Stella Saxon, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  April 13, 2016

AFFIRMED

Vicente Saldana appeals judgments of conviction for sexual assault of a child and aggravated sexual assault of a child. In two issues, Saldana argues he received ineffective assistance of counsel and the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We affirm the trial court's judgments.

### BACKGROUND

Saldana was indicted for four counts of sexual assault of a child and four counts of aggravated sexual assault of a child. He pled not guilty to each count, and the case proceeded to a

trial by jury, which found him guilty on all counts. The trial court imposed punishments of forty-five years' confinement for each aggravated sexual assault conviction and twenty years' confinement for each sexual assault conviction. The trial court ordered that the sentences run concurrently. Saldana now appeals.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Saldana contends his trial counsel was ineffective for not offering the testimony of Betty Lou Schroeder, a psychological expert, during the guilt-innocence phase of trial. Sixth Amendment ineffective assistance of counsel claims are governed by *Strickland*'s two-prong test of determining whether trial counsel's representation was constitutionally deficient and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). "Any allegation of ineffectiveness must be firmly founded in the record." *Russell*, 90 S.W.3d at 875. To satisfy *Strickland*'s first prong on direct appeal, the record must demonstrate: (1) trial counsel's deficient performance of some act or failure to perform some act; and (2) trial counsel had no reasonable trial strategy for the act or omission. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* at 813. "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Saldana argues Schroeder's testimony was favorable and would have rebutted the testimony of the State's expert witness. In support of his argument, Saldana cites Schroeder's testimony at the punishment hearing that Saldana was not a pedophile. The State responds that it

would have objected to Schroeder's testimony had it been offered before the jury in the guilt-innocence phase because it was unreliable. The State argues Schroeder's testimony would not have been admissible because Schroeder stated she did not have all of the relevant information and there was no objective way to determine that someone is not a pedophile. The record is silent as to why Saldana's trial counsel did not call Schroeder to testify during the guilt-innocence phase, and Saldana's trial counsel could have had a reasonable trial strategy for not doing so. The record does not demonstrate the decision not to call Schroeder to testify wholly lacked "tactical or strategic decisionmaking." *See id.* Thus, Saldana's allegation of ineffectiveness is not firmly founded in the record. *See Russell*, 90 S.W.3d at 875.

### *BRADY* VIOLATION

Saldana argues the State withheld Schroeder's expert witness opinion in violation of *Brady v. Maryland* and that counsel was ineffective in "fail[ing] to uncover *Brady* material." To establish a *Brady* violation, the record must show that (1) the State suppressed evidence, (2) the suppressed evidence favors the defendant, and (3) "there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). Schroeder testified Saldana's trial counsel hired her to work with the defense. She stated Child Protective Services asked her to complete an evaluation and ascertain whether Saldana was a pedophile. The record fails to show Schroeder's opinion was inaccessible to the defense. The record does not show the State suppressed Schroeder's opinion that Saldana was not a pedophile. Thus, Saldana has not established a *Brady* violation or ineffective assistance. *See id.*

## CONCLUSION

We affirm the trial court's judgments.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH